AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br><br><br><br><br>Mandy Kay Parman<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  2:26-MJ-110 |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

JUN 1 8 2026

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 16, 2026 _____ in the county of _____ Potter _____ in the

___ Northern ___ District of ___ Texas ___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (viii) | Possession with Intent to Distribute of 500 Grams or more of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas Newton, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date:  6/18/26

_____
*Judge's signature*

City and state: _____ Amarillo, Texas _____     Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:26-MJ-110

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Thomas Newton, being sworn, depose and state as follows:

1)     I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2)     I am assigned to the DEA's Amarillo Resident Office (ARO).  I was hired as a police officer with the Amarillo Police Department (APD) in June 2005. I was assigned to the Amarillo Police Department Narcotics unit from 2022 until my current assignment as a TFO with DEA's ARO.  In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in narcotics trafficking investigations, including, but not limited to, conducting surveillance, smuggling, conducting undercover operations, packaging methods, utilizing confidential sources, and executing arrest and search warrants.

3.     This affidavit is made in support of a complaint and arrest warrant for Mandy Kay Parman. I am familiar with the information contained in this affidavit based on my own personal investigation and conversations with other law enforcement officers involved in this investigation.

4.     On June 16, 2026, a Texas Department of Public Safety (DPS) Trooper observed a vehicle traveling south on US 87 in Potter County, Texas.  The DPS Trooper observed the vehicle traveling above the posted speed limit, in violation of the Texas Transportation Code.  Based on the on-view traffic violation, the DPS Trooper initiated a traffic stop.

5.     The driver was contacted and identified as Mandy Kay Parman.  As the DPS Trooper was speaking to Parman, the odor of burning marijuana was detected emitting from the interior of the vehicle.  Parman and the passenger were removed from the vehicle, so a probable cause search could be conducted on the vehicle based on the odor of marijuana.

6.     During the probable cause search of the vehicle, the DPS Trooper located a zip-style bag containing approximately 636 grams of suspected methamphetamine.  This amount of methamphetamine is consistent with distribution, as opposed to personal use. DPS Trooper also located a handgun described as a Walther P22 22lr with serial number N071283.  This firearm is not manufactured in the state of Texas, according to an open-source search of the weapon.

7.      Parman was transported to the DPS office, and an interview was conducted. Parman was read her *Miranda* Warning and she agreed to speak about the incident. During the interview, Parman admitted that she had traveled to Colorado and purchased the 636 grams of suspected methamphetamine to bring back to Amarillo, Texas for the purpose of distributing it to others.  Parman admitted to knowledge of the firearm in the vehicle but denied that it was hers.  Parman stated that the firearm belonged to her friend, and Parman requested that she bring it on the trip for protection.  Parman stated that she is not allowed to have a firearm due to a previous felony conviction.

9.      After the termination of the interview, Mandy Parman was transported to Randall County Detention Center and booked with a federal hold.

_____
Thomas Newton
DEA Task Force Officer

        Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.


        Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 18th day of _____June_____, 2026.

Lee Ann Reno, U.S. Magistrate Judge        _____
Name and Title of Judicial Officer                Signature of Judicial Officer

_____
Anna Marie Bell
Assistant United States Attorney